## UNITED STATES of America, Plaintiff–Appellee

v.

## Julian RODRIGUEZ–ALVARADO, Defendant–Appellant.

No. 09–50927
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 3, 2010.

Joseph H. Gay, Jr., U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Philip J. Lynch, Henry Joseph Bemporad, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Julian Rodriguez–Alvarado appeals the 96–month sentence imposed in connection with his guilty-plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. Rodriguez–Alvarado argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a)(2) and that he should have been sentenced below the guidelines range. He contends that his Texas robbery conviction was double counted and argues that his cultural ties to this country and his motive for reentry support a sentence below the guidelines range. Rodriguez–Alvarado cites *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and argues that this court should not accord his within-guidelines sentence a presumption of reasonableness because the illegal reentry guideline is not supported by empirical data.

We typically review sentences for reasonableness by engaging in a bifurcated review. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Cisneros–Gutierrez,* 517 F.3d 751, 764 (5th Cir.2008). Rodriguez–Alvarado challenges only the substantive reasonableness of his sentence. We consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall,* 552 U.S. at 51, 128 S.Ct. 586.

Rodriguez–Alvarado acknowledges that his empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009); *United States v. Mondragon–Santiago,* 564 F.3d 357, 366–67 (5th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 192, 175 L.Ed.2d 120 (2009). Rodriguez–Alvarado similarly notes this court's rejection of his fast-track disparity argument. *See United States v. Gomez–Herrera,* 523 F.3d 554, 563 (5th Cir.2008). Rodriguez–Alvarado raises these issues to preserve them for further review.

We have also previously rejected the argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See Duarte,* 569 F.3d at 529–31. Rodriguez–Alvarado's assertions regarding his personal history and characteristics and his motive for reentering the United States are insufficient to rebut the presumption of reasonableness. *See Gomez–Herrera,* 523 F.3d at 565–66. Rodriguez–Alvarado has not demonstrated that the district court's imposition of a sentence at the top of the guidelines range was an abuse of discretion.

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.